G. W. Pickering, Appellant, v. W. W. Cameron.

**Indorsement of Draft:** TITLE TO PROCEEDS. Defendant indorsed a sight draft to a bank, with which he had an account, and the same was placed to his credit. Said bank forwarded it to the drawee bank, where it was protested, and on its return, it was given back to defendant, and charged to him. Defendant then sent it the second time to the drawee, to whom the drawer then paid it. *Held*, that defendant was the owner of the funds in the hands of the drawee, in such sense, that he might recover damages of the drawer because he attached said fund without sufficient reason to believe that the drawee was indebted to him.

*Appeal from Page District Court.* —Hon. W. R. Green, Judge.

· Wednesday, October, 13, 1897.

This action was commenced by attachment against the defendant, a non-resident of the state, to recover an alleged indebtedness of sixty-seven dollars and sixty-eight cents. The attachment was served by garnishing the First National Bank of Shenandoah, Iowa, which held the proceeds of a check drawn by the plaintiff in favor of the defendant. Defendant appeared, and answered, denying plaintiff's cause of action, and setting up a counter-claim on the attachment bond for damages, alleging that the attachment was wrongfully and maliciously sued out, for that plaintiff had no reasonable grounds for believing that defendant was indebted to him in any sum whatever. Plaintiff replied, denying the counter-claim, and denying that the money attached was, at the time of the garnishment the property of the defendant. The jury found against the plaintiff on his cause of action, and in favor of the defendant on his counter-claim in the sum

of two hundred and fifty dollars. Judgment was rendered on the verdict, and for costs, including fifty dollars attorney's fee, against the plaintiff, from which he appeals.—*Affirmed.*

*W. P. Ferguson* for appellant.

*Parslow & Scott* for appellee.

GIVEN, J.—This appeal is from the judgment rendered on the counter-claim, and the only question presented is whether the money in the hands of the garnishee was the money of the defendant at the time of the levy. For the purpose of abbreviating the record, counsel have stipulated that the following ultimate facts are established by the evidence: "(1) That at the time of the commencement of this suit and suing out of attachment therein defendant was a non-resident of the state, but not indebted to plaintiff in any sum whatever. (2) That in suing out such attachment the plaintiff acted without sufficient reason for believing that any such indebtedness in fact existed; hence without justifiable grounds in suing out such attachment. (3) That if defendant is entitled to any affirmative judgment for actual or exemplary damages, then it is conceded that he would be entitled, under the evidence, to the full amount of judgment rendered in the district court. (4) That a partial transcript of the official report of the evidence in said cause filed in the office of the clerk of the district court April 29, 1896, together with this stipulation, to which it is attached, shall, for the purposes of this appeal, constitute a complete record of all the evidence offered or introduced on the trial of said cause. It being the intention and purpose of the parties on this appeal to limit the issues to be presented to the supreme court on appeal to the one question, namely, whether the defendant, W. W. Cameron,

had any such interest in the draft in question, or proceeds thereof, as to entitle him to damages because of the levy of the attachment writ, which was by service of garnishment summons." The partial transcript of the evidence shows that the defendant alone was examined on the issue joined on the counter-claim. His evidence shows, in substance, as follows: That in the spring of 1895 he had settlement with the plaintiff at Chester, Neb., and that plaintiff gave him his fifteen days' sight draft on the First National Bank of Shenandoah, Iowa, guarantied by one Hindman, for one hundred dollars, the balance due to defendant. Defendant indorsed the draft to the Blue Valley Bank, of Hebron, Neb., with which he had an account, and the same was placed to his credit. The draft was forwarded by the Blue Valley Bank to the Bank of Shenandoah for payment, and protested. While defendant's evidence is somewhat confused as to what followed, the jury was fully warranted in finding that on the return of the draft protested it was returned to the defendant, and charged to him by Blue Valley Bank. Defendant says that, when the draft was returned protested, "I notified Mr. Hindman, surety, and at his instance sent it to Shenandoah a second time." It appears that after the draft was sent the second time to the Bank at Shenandoah the plaintiff paid it to that bank, and then commenced this action for an alleged indebtedness that he had no sufficient reason for believing did exist, and garnished the money in the hands of the bank. That the attachment was wrongfully sued out is conceded, and the only defense offered to defendant's right to damages is that he did not own the money held by the garnishee. Whether, if the draft had still been held by the Blue Valley Bank, defendant might, because of his liability as indorser, recover damages, we need not determine, as it is entirely clear that the draft was exclusively his at the time of the garnishment. Appellant's argument is

based upon isolated statements as to the ownership of the draft. A careful examination of defendant's testimony shows that when he speaks of it as owned by the bank he has reference to the time after he indorsed it, and before its return to him protested. The jury were not warranted in finding otherwise than that the money in the hands of the garnishee was the property of the defendant at the time the notice of garnishment was served, and therefore there was no error in either of the respects assigned.—AFFIRMED.